# Newell *et al. v.* Briggs *et al.*

The sheriff made affidavit that he had served the citation on the attorney of records, for defendant in error to appear at the December term of said court, but had made diligent search for the citation and could not find it. It also appeared that fifteen days had elapsed since the plaintiff in error was bound to know that his citation had not been served, and no steps taken for an *alias* citation: *Held,* that the cause must be dismissed for laches of plaintiff in not applying for an *alias* citation.

MOTION to dismiss for want of citation.

Grayson, for the motion.
Fitch, *contra.*

Per Curiam, PRAY J.—This cause is presented to us on a motion to dismiss the same for want of citation return served.

The motion is resisted upon an affidavit of A. G. Harrison, a deputy sheriff of Yazoo county, who states, "that on the 13th day of November, 1838, he executed in this case a citation on S. M. Grayson, the attorney of record, for the defendants in error, to appear at the High Court of Errors and Appeals at the December term, 1838, to defend said suit. That he has made diligent search for the said citation but cannot find it."

This affidavit relieves the plaintiff in error from all charge of *laches.* He has exercised all the diligence the law can require. The motion, therefore, as it is now presented, would be overruled, if no subsequent neglect had occurred. But there has been a lapse of fifteen days since he was bound to know that his process had not been returned; and no step has been taken for an *alias;* for this neglect the cause must be dismissed with damages and costs.